UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMES FRANCIS FITZPATRICK,
         Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
         Agency.

DOCKET NUMBER
NY-1221-19-0126-W-1

DATE: May 29, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Neal Rosenberg</u>, Esquire, New York, New York, for the appellant.

<u>Daniel Piccaluga</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal, finding that it was barred by the doctrine of res judicata. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this appeal to the New York Field Office for jurisdictional notice and an opportunity to provide evidence and argument on the issue of Board jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant began his term appointment with the agency as a General Schedule, grade 7, Miscellaneous Assistant on July 22, 2018.[1] *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-1221-19-0126-W-1, Initial Appeal File (0126 IAF), Tab 17 at 36-38. The appellant's term appointment was subject to the satisfactory completion of a 1-year probationary period. *Id.* at 36. Effective October 13, 2018, the agency terminated the appellant during his probationary period for post-appointment reasons related to his conduct and work performance. *Id.* at 17-22.

On October 21, 2018, the appellant filed an appeal with the Board contesting his probationary termination. *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-315H-19-0019-I-1 (*Fitzpatrick* I). The appellant withdrew his appeal, and the administrative judge subsequently dismissed *Fitzpatrick* I with prejudice. *Fitzpatrick* I, Initial Decision at 1-3 (Nov. 14, 2018). The appellant then filed a petition for review with the Board in *Fitzpatrick* I. The Board issued a final order affirming the initial decision in *Fitzpatrick* I that dismissed the appeal as withdrawn. *Fitzpatrick* I, Final Order at 1-3 (Feb. 20, 2024).

Subsequent to *Fitzpatrick* I being dismissed by the administrative judge, the appellant filed an IRA appeal with the Board, alleging that in reprisal for being a whistleblower, the agency terminated him during his probationary period. *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-1221-19-0098-W-1 (*Fitzpatrick* II). The administrative judge dismissed *Fitzpatrick* II, finding that the appeal was barred by res judicata based on the initial decision in *Fitzpatrick* I that dismissed with prejudice the appellant's Board appeal of his probationary termination. *Fitzpatrick* II, Initial Decision at 1-5 (Apr. 4, 2019).

---

[1] The appellant's position title is referred to as a Sighted Assistant in some documents, but a Standard Form 50 in the record and his termination letter refer to the position as a Miscellaneous Assistant. *Fitzpatrick v. Department of Homeland Security*, MSPB Docket No. NY-1221-19-0126-W-1, Initial Appeal File, Tab 17 at 17, 36, 48.

The administrative judge further held that notwithstanding her finding that the appeal was barred by res judicata, the appellant failed to satisfy his burden of proving that he exhausted administrative remedies with the Office of Special Counsel (OSC) before pursuing his IRA appeal in *Fitzpatrick* II. *Id*. at 3-4. The appellant then filed a petition for review in *Fitzpatrick* II. The Board issued a final order in *Fitzpatrick* II, vacating the portion of the initial decision barring the appeal on res judicata grounds, and dismissing the appeal for lack of Board jurisdiction because the appellant failed to prove that he exhausted administrative remedies with OSC. *Fitzpatrick* II, Final Order at 1-7 (May 24, 2024).

During the pendency of his petitions for review in *Fitzpatrick* I and II, the appellant filed this IRA appeal with the Board, again alleging that his probationary termination was taken by the agency in reprisal for him being a whistleblower. 0126 IAF, Tab 1, Tab 7 at 4 (pleading filed by the appellant clarifying that he seeks the Board to rule on the "whistleblowing aspect" through this appeal). The administrative judge advised the appellant that this appeal appeared to be barred by the doctrine of res judicata, and provided him with the opportunity to demonstrate why his appeal should be permitted to move forward. 0126 IAF, Tab 15. After the appellant responded, the administrative judge issued an initial decision, dismissing this appeal based on res judicata. 0126 IAF, Tabs 17-18, Tab 19, Initial Decision (ID) at 1-5. The appellant then filed a petition for review, to which the agency filed a response and the appellant filed a reply.[2] Petition for Review (PFR) File, Tabs 1, 7, 8.

---

[2] Subsequent to the filing of his petition for review in this case, the appellant filed a motion with the Board seeking permission to file an additional pleading. Petition for Review (PFR) File, Tab 4. At this stage of adjudication, the Board's regulations generally do not provide for pleadings beyond a petition for review, a cross petition for review, a response to a petition or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a)(5). For the Board to consider an additional pleading, the party must seek leave and describe the nature of and need for it. *Id*. We DENY the appellant's motion, as he did not outline his need to file another pleading, nor did he describe the pleading's anticipated content or relevance. PFR File, Tab 4.

**ANALYSIS**

The doctrine of res judicata prevents repetitious litigation, as it precludes parties from relitigating claims that were, or could have been, raised in prior actions. *Hooker v. Department of Veterans Affairs*, 122 M.S.P.R. 551, ¶ 10 (2015). Res judicata applies when (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was final and on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id*.

The record in this IRA appeal is not sufficiently developed to determine whether it is barred by res judicata. The doctrine of res judicata serves as a basis to dismiss an appeal over which the Board has jurisdiction. *Merzweiler v. Office of Personnel Management*, 100 M.S.P.R. 442, ¶ 7 (2005). Yet, when Board jurisdiction over an appeal is lacking, this doctrine generally will not serve as appropriate grounds for dismissal. *Id*. Rather, the appeal should be dismissed for lack of jurisdiction. *Id*., ¶¶ 1, 8. For the reasons outlined herein, the question of whether the Board has jurisdiction over this IRA appeal is an unresolved issue; and until this issue is resolved, it is not appropriate to apply res judicata to this appeal. Accordingly, we vacate the initial decision's conclusion that this appeal is barred by res judicata.

Both the U.S. Court of Appeals for the Federal Circuit and the Board have repeatedly held that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Smyth v. Department of the Interior*, 85 M.S.P.R. 552, ¶ 5 (2000). To establish Board jurisdiction over an IRA appeal, an appellant must prove that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that (1) he made a whistleblowing disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing

factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a). *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016).

In this instant case, however, the administrative judge did not notify the appellant of this jurisdictional requirement, nor did she provide him with an opportunity to prove that he satisfied such a requirement. Although the administrative judge issued an order to show cause regarding res judicata, it did not contain any notice of the Board's jurisdictional requirements in an IRA appeal. 0126 IAF, Tab 15. The administrative judge's error was not cured by the agency's submissions or the initial decision. *Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005). Thus, we remand this appeal to provide the appellant with notice of his jurisdictional burden in an IRA appeal and an opportunity to establish jurisdiction. *See Roach v. Department of the Army*, 86 M.S.P.R. 4, ¶¶ 14-15, 19 (2000) (remanding an IRA appeal because the administrative judge failed to inform the appellant of the Board's jurisdictional requirements prior to dismissing the appeal for lack of jurisdiction).

## ORDER

For the reasons discussed above, we grant the appellant's petition for review, vacate the initial decision, and remand this case to the New York Field Office. On remand, the administrative judge shall provide the appellant with

jurisdictional notice in an IRA appeal and the opportunity to establish jurisdiction over this appeal.[3]

FOR THE BOARD:

*Gina K. Grippando*

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] Our final order dismissing the appellant's IRA appeal in *Fitzpatrick* II for lack of Board jurisdiction for failing to exhaust administrative remedies with OSC does not impact our disposition regarding this appeal. *See Bump v. Department of the Interior*, 64 M.S.P.R. 326, 331-33 (1994) (holding that a jurisdictional dismissal of a prior IRA appeal for failure to exhaust administrative remedies with OSC did not bar a second IRA appeal of the same claim after OSC remedies were exhausted).